UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**ISABEL VIKTORIA STEHN**,

    Plaintiff,

v.

**GREGORY CODY**

    Defendant.

Civil Action No. 11-1036 (CKK)

MEMORANDUM OPINION
(August 26, 2013)

This action arises from injuries Plaintiff claims she sustained when the Defendant's vehicle struck her at a crosswalk. Presently before the Court is Plaintiff's [21] motion for summary judgment on the issue of liability. Upon careful consideration of the parties' submissions[1], the applicable authorities, and the record as a whole, the Court concludes that facts essential to a finding that Plaintiff was not contributorily negligent remain in dispute. Accordingly, because Plaintiff's contributory negligence is a dispositive issue under the governing law of the District of Columbia, the Court shall DENY Plaintiff's motion for summary judgment.

---

[1] While the Court renders its decision today on the record as a whole, its consideration has focused specifically on the following documents, listed in chronological order of their filing: Pl.'s Compl., ECF No. [1] ("Compl."); Def.'s Corrected Answer, ECF No. [8] ("Ans."); Pl.'s Am. Mot. for Summ. J., ECF No. [21] ("Pl.'s Mot."); Pl.'s Mem. of P&A in Supp. of Her Am. Mot. for Summ. J., ECF No. [21-1] ("Pl.'s Mem."); Pl.'s Statement of Material Facts Not in Genuine Dispute, ECF No. [21-3] ("Pl.'s Stmt."); Def.'s Opp'n to Pl.'s Mot. for Summ. J., ECF No. [22] ("Def.'s Mem."); Def.'s Statement of Material Facts in Dispute, ECF No. [22] at 3-5 ("Def.'s Stmt."); Pl.'s Reply Mem. in Supp. of Pl.'s Mot. for Summ. J., ECF No. [23] ("Pl.'s Reply"); Pl.'s Response to Def.'s Statement of Material Facts in Dispute, ECF No. [23-1] ("Pl.'s Resp. Stmt."). In an exercise of its discretion, the Court finds that holding oral argument on the instant motion would not be of assistance in rendering a decision. *See* LCvR 7(f).

# I. BACKGROUND

The Court begins its discussion of the facts with a brief word regarding Local Civil Rule 7(h)(1), which requires that a party submitting a motion for summary judgment attach a statement of material facts as to which that party contends there is no genuine issue, with specific citations to those portions of the record upon which the party relies in fashioning the statement. *See* LCvR 7(h)(1). The party opposing such a motion must, in turn, submit a statement of genuine issues enumerating all material facts which the party contends are at issue and thus require litigation. *See id*. Where the opposing party fails to discharge this obligation, a court may take all facts alleged by the movant as admitted. *Id*. As the District of Columbia Circuit has emphasized, "[Local Civil Rule 7(h)(1)] places the burden on the parties and their counsel, who are most familiar with the litigation and the record, to crystallize for the district court the material facts and relevant portions of the record." *Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner*, 101 F.3d 145, 151 (D.C. Cir. 1996) (citing *Twist v. Meese*, 854 F.2d 1421, 1425 (D.C. Cir. 1988)).

Here, Defendant's Statement of Material Facts fails almost entirely to conform with Local Civil Rule 7(h) as well as the [18] Scheduling and Procedures Order issued in this case, which reminds the parties of the importance of compliance with this rule. As an initial matter, Defendant has not responded to each paragraph in Plaintiff's Statement of Material Facts indicating whether the paragraph is admitted or denied. Moreover, Defendant's statement of additional facts is not presented in "consecutively numbered paragraphs at the end of [his] responsive statement of facts." Defendant's failure to present his statement in this way has made it more difficult for the Court to determine which facts are in dispute. Nevertheless, Defendant's statement of facts and his supporting memorandum of law do, in their own way, "set[] forth all

material facts as to which it is contended there exists a genuine issue necessary to be litigated" with "references to the parts of the record relied on." LCvR 7(h). To the extent Defendant's statement and supporting brief fail to contest facts in Plaintiff's statement of facts, however, the Court will "assume that the facts identified by the [Plaintiff] in [his] statement of material facts are admitted." *Id.*

Having addressed the deficiencies of Defendant's statement of facts, the Court will proceed to the facts of this case as laid out in the record. On June 11, 2008, at approximately 5:45 p.m., Plaintiff Isabel Stehn was crossing Pennsylvania Avenue at the intersection of Pennsylvania Avenue and 19th Street in Northwest Washington, D.C. Pl.'s Stmt. ¶ 1; Def.'s Stmt. ¶¶ 1-4. The crosswalk at this intersection is governed by a pedestrian walking signal, which informs pedestrians when they can safely begin to cross the street. Pl.'s Stmt. ¶¶ 2-4; Def.'s Stmt. ¶ 15. This pedestrian signal displays a timed countdown, which lasts for twenty-five seconds. Pl.'s Stmt. ¶ 3; Pl.'s Mot, Ex. D (Video and Photographs of Intersection). For seven seconds (until the timed countdown displays eighteen), the pedestrian signal also displays a flashing white graphic of a walking pedestrian, indicating that it is safe for pedestrians to begin crossing the intersection. Pl.'s Stmt. at ¶¶ 4, 16; Pl.'s Mot., Ex. D; Pl.'s Mot., Ex. H (Traffic Code Provisions), D.C. Code § 50-2201.28(b). Once the timed countdown reaches eighteen seconds, the white graphic of a walking pedestrian changes to display a flashing orange hand, indicating that pedestrians should no longer begin crossing the intersection. *Id.* However, those pedestrians who have *already* begun walking across the intersection continue to have the right-of-way to finish their crossing during these remaining eighteen seconds of the twenty-five second countdown. *Id.* Once the twenty-five second countdown reaches zero, the display

changes from a flashing orange hand to a solid orange hand. At this point, no numbers are displayed. Pl.'s Mot., Ex. D.

As Plaintiff proceeded through the crosswalk, she was struck by a car driven by Defendant, who was making a left turn on a green light onto Pennsylvania Avenue. Pl.'s Stmt. ¶¶ 5, 13. According to Defendant's testimony, prior to turning, he looked at the crosswalk and did not see pedestrians crossing the street. Def.'s Stmt. ¶ 11. Defendant also testified that at the time he decided to turn onto Pennsylvania Avenue, the countdown on the pedestrian signal had reached five seconds, a point at which the flashing orange hand signal would have been displayed for thirteen seconds. Pl.'s Stmt. ¶ 21; Def.'s Stmt. ¶ 16. Plaintiff does not dispute this latter testimony. Pl.'s Resp. Stmt. ¶ 11. After Plaintiff was taken away in an ambulance, Defendant was ticketed at the scene of the accident by a police officer for "Failure to Yield Right of Way to a Pedestrian." Pl.'s Stmt. ¶¶ 8, 23-24. Defendant ultimately paid the fine required by this ticket. *Id.* at ¶ 25-26.

## II. LEGAL STANDARD

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and [that she] . . . is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The mere existence of some factual dispute is insufficient on its own to bar summary judgment; the dispute must pertain to a "material" fact. *Id.* Accordingly, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Nor may summary judgment be avoided based on just any disagreement as to the relevant facts; the dispute must be "genuine," meaning that there must be sufficient admissible evidence for a reasonable trier of fact to find for the non-movant. *Id.*

In order to establish that a fact is or cannot be genuinely disputed, a party must (a) cite to specific parts of the record—including deposition testimony, documentary evidence, affidavits or declarations, or other competent evidence—in support of her position, or (b) demonstrate that the materials relied upon by the opposing party do not actually establish the absence or presence of a genuine dispute. FED. R. CIV. P. 56(c)(1). Conclusory assertions offered without any factual basis in the record cannot create a genuine dispute sufficient to survive summary judgment. *Ass'n of Flight Attendants–CWA, AFL–CIO v. U.S. Dep't of Transp.*, 564 F.3d 462, 465–66 (D.C. Cir. 2009). Moreover, where "a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact," the district court may "consider the fact undisputed for purposes of the motion." FED. R. CIV. P. 56(e).

When faced with a motion for summary judgment, the district court may not make credibility determinations or weigh the evidence; instead, the evidence must be analyzed in the light most favorable to the non-movant, with all justifiable inferences drawn in her favor. *Liberty Lobby*, 477 U.S. at 255. If material facts are genuinely in dispute, or undisputed facts are susceptible to divergent yet justifiable inferences, summary judgment is inappropriate. *Moore v. Hartman*, 571 F.3d 62, 66 (D.C. Cir. 2009). In the end, the district court's task is to determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Liberty Lobby*, 477 U.S. at 251–52. In this regard, the non-movant must "do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); "[i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Liberty Lobby*, 477 U.S. at 249–50 (internal citations omitted).

## III. DISCUSSION

To prevail on her motion for summary judgment as to liability, Plaintiff must establish that Defendant was negligent as a matter of law. Furthermore, because "[t]he District of Columbia is one of the few jurisdictions in which the claimant's contributory negligence can act as a complete defense to the defendant's liability for negligence," *Jarrett v. Woodward Bros., Inc.*, 751 A.2d 972, 985 (D.C. 2000), Plaintiff must also demonstrate the absence of a genuine issue of material fact as to her own contributory negligence. *See Liberty Lobby*, 477 U.S. at 248 ("disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.").

Issues of negligence and contributory negligence are rarely appropriate for summary judgment. As courts in the District of Columbia have repeatedly noted, "[o]nly in exceptional cases will questions of negligence [and] contributory negligence . . . pass from the realm of fact to one of law." *Paraskevaides v. Four Seasons Wash.*, 292 F.3d 886, 893 (D.C. Cir. 2002) (quoting *Shu v. Basinger*, 57 A.2d 295, 295-96 (D.C. 1948)); *see also Lyons v. Barrazotto*, 667 A.2d 314, 322 (D.C. 1995) ("[i]ssues of contributory negligence, like issues of negligence, present factual questions for the trier of fact [u]nless the evidence is so clear and undisputed that fair-minded men can draw only one conclusion.") (internal citations omitted). This is no less true in tort claims involving car accidents, as "[a]utomobile collisions at street intersections nearly always present questions of fact . . . Only in exceptional cases will questions of negligence, contributory negligence, and proximate cause pass from the realm of fact to one of law." *Aqui v. Isaac*, 342 A.2d 370, 372 (D.C. 1975); *see generally Mahnke v. Washington Metro. Area Transit Auth.*, 821 F.Supp.2d 125, 132-33 (D.D.C. 2011) (summarizing case law in this area).

Here, Plaintiff argues that the factual record conclusively establishes Defendant's liability as a matter of law. The Court concludes otherwise. A genuine issue of material fact remains as to whether Plaintiff left the sidewalk when she was permitted to do so. This factual dispute will prove determinative on the question of Plaintiff's contributory negligence, a dispositive issue with respect to Defendant's liability under District of Columbia law. Accordingly, summary judgment is inappropriate on the issue of liability.

Based on the record before the Court, the parties clearly disagree as to whether Plaintiff left the sidewalk during the seven seconds when the white signal was still displayed or after the flashing orange signal appeared. Although Plaintiff claims that she left the sidewalk as soon as she was permitted, Defendant's deposition testimony indicates that he saw only five seconds remaining on the crosswalk's twenty-five second signal countdown at the time he turned. *Compare* Pl.'s Stmt. ¶ 17 *and* Pl.'s Resp. Stmt. ¶ 13 *with* Def.'s Stmt. ¶ 16. At this point, the flashing orange hand would have been displayed for thirteen seconds. Construing this key fact in the light most favorable to the non-moving party, the Court finds that a reasonable juror could conclude that Plaintiff, if proceeding at a normal walking pace, did not leave the crosswalk during the seven seconds when the white signal was still displayed. Rather, a reasonable juror could determine that Plaintiff instead entered the crosswalk later, after the flashing orange signal appeared, and consequently at a time when she should not have begun crossing. *See Washington Metro. Area Transit Auth. v. Jones*, 443 A.2d 45, 50 (D.C. 1982) ("The jury must be allowed to weigh the credibility of witnesses and resolve disputes as to speed and distances.") (en banc).

Under this view of the record evidence, Plaintiff cannot show the absence of a genuine issue of material fact as to her own contributory negligence. "The law imposes a duty on pedestrians to exercise reasonable care for the protection of his or her own safety." *Mahnke*, 821

7

F.Supp.2d at 133. Consequently, a pedestrian proceeding through a crosswalk in violation of a signal and without the required right-of-way may be found contributorily negligent in a collision. *See* D.C. MUN. REGS. tit. 18, § 2302.2 ("Pedestrians facing a 'WALK' signal may proceed across the roadway in the direction of the signal and shall be given the right-of-way by the drivers of all vehicles."); *id.* § 2302.3 ("No pedestrian shall start to cross the roadway in the direction of a 'DON'T WALK' or 'WAIT' signal.").[2] As noted, contributory negligence operates as a complete bar to recovery in the District of Columbia, rendering this factual question dispositive on the issue of Defendant's liability. *See Dennis v. Jones*, 928 A.2d 672, 676 (D.C. 2007) ("contributory negligence . . . is an affirmative defense in negligence cases and may operate as a complete bar to liability."). Accordingly, if a jury ultimately determines that Plaintiff did not leave the crosswalk at the claimed time, but rather left after the orange flashing signal appeared, Plaintiff's contributory negligence could bar a judgment in her favor. Given this genuine factual dispute as to a material issue, summary judgment for the Plaintiff on the issue of liability is plainly inappropriate.

Viewing the remaining record evidence in the light most favorable to the non-moving party, Plaintiff does not conclusively establish that she left the sidewalk at the proper time and was not contributorily negligent. Specifically, Plaintiff's discussion of Defendant's potential negligence *per se* does not preclude a finding that she was herself contributorily negligent. As Plaintiff points out, D.C. Code § 50-2201.28(b) states that "[a] pedestrian who has begun crossing on the 'WALK' signal shall be given the right-of-way by the driver of any vehicle to continue to the opposite sidewalk or safety island, whichever is nearest." Similarly, D.C. MUN.

---

[2] As both parties cite to traffic code provisions using the "WALK", "DON'T WALK", and "WAIT" terminology in support of their positions, they appear to agree that these textual displays correspond to the graphic displays on the pedestrian signal at issue here. *See* Pl.'s Stmt. ¶¶ 4, 16, 20; Pl.'s Mem. ¶¶ 15, 20; Def.'s Mem. at 4-5; Def.'s Stmt. ¶ 15.

REGS. tit. 18, § 2103.3 states that "The color GREEN alone or the word 'GO' on a traffic control signal shall have the following meaning . . . (b) Vehicular traffic including vehicles turning right or left, shall yield the right-of-way to . . . pedestrians lawfully within the intersection or an adjacent crosswalk at the time . . . ."[3] Plaintiff argues that Defendant's violation of these provisions renders him negligent *per se* and by extension precludes a finding of her own contributory negligence.[4] Pls. Mem. at ¶¶ 17-23.

Yet, in trying to show the Defendant's negligence *per se*, Plaintiff cannot avoid the problem of disproving her own contributory negligence. In order to find a violation of these provisions, Plaintiff must establish that she, as the pedestrian, had the right-of-way and was lawfully in the crosswalk. Indeed, both provisions inherently require that the pedestrian have the right-of-way, a circumstance, as discussed above, defined in the District of Columbia traffic code. *See* D.C. Mun. Regs. Tit. 18, § 2302.2 ("Pedestrians facing a 'WALK' signal may proceed across the roadway in the direction of the signal and shall be given the right-of-way by the drivers of all vehicles."); *id.* § 2302.3 ("No pedestrian shall start to cross the roadway in the direction of a 'DON'T WALK' or 'WAIT' signal."). If Plaintiff lacked the right-of-way when

---

[3] Plaintiff points to a bevy of statutes and regulations in the District of Columbia traffic code in her discussion of Defendant's negligence *per se*. *See* Pl.'s Mem. at ¶ 17. However, upon review of the provisions cited by Plaintiff, the Court finds only the two provisions cited above relevant to the factual situation at issue. The other traffic provisions cited by Plaintiff do not involve rules applicable to the Defendant here. D.C. MUN. REGS. tit. 18, § 2104 addresses the rules for vehicles facing flashing red and yellow traffic signals. D.C. MUN. REGS. tit. 18, § 2201 addresses driving on the right side of the roadway and proper use of the roads in general. With respect to D.C. MUN. REGS. tit. 18, § 2208, the only potentially relevant sub-part –§ 2208.4 – addresses a driver's duty when faced with a stop sign. Finally, D.C. MUN. REGS. tit. 18, § 2301 addresses the rules for pedestrians crossing intersections.

[4] Although a finding of negligence *per se* does not generally bar a defense of contributory negligence, *see, e.g., Mahnke*, 821 F.Supp.2d at 138-140 (concluding that negligence *per se* did not preclude the raising of a contributory negligence defense), here these specific provisions require that the pedestrian have the right-of-way, preventing a simultaneous finding of contributory negligence by a pedestrian for proceeding without the right-of-way.

crossing, as Defendant claims, neither of the provisions cited to establish negligence *per se* is applicable here. Consequently, Plaintiff cannot use any potential negligence *per se* here by Defendant to disprove her own contributory negligence as a matter of law.[5]

As additional support for the argument that Defendant violated these provisions, Plaintiff refers the Court to a ticket Defendant received and ultimately paid for "Failure to Yield Right of Way to Pedestrian" for violation of D.C. Code § 50-2201.28(b). However, viewed in the light most favorable to the Defendant, this evidence does not establish Defendant's negligence *per se* or consequently preclude a finding of Plaintiff's contributory negligence. As courts in the District of Columbia have noted in discussing the relevance of traffic tickets in later tort proceedings, "[t]here may be legitimate, plausible reasons for choosing to pay the fine [associated with a traffic ticket], by mail or otherwise, without intending to concede guilt. . . . It is likely that even people who believe themselves innocent often pay preset fines for the sake of convenience or expediency rather than go to court and stand trial." *Johnson v. Luethongchak*, 772 A.2d 249, 251 (D.C. 2001) (quoting *Briggeman v. Albert*, 322 Md. 133, 586 A.2d 15 (1991)). *See also Anthony v. Washington Metro Area Transit Auth.*, No. 04 Civ. 622, 2005 WL 5329518, at *3 (D.D.C. Dec. 19, 2005) ("The central issue for the jury to determine from the evidence presented . . . was whether the bus driver in fact was negligent *vel non*, and if they so found, whether such negligence was the proximate cause of the collision . . . not the fact that the bus driver saw fit to pay the ticket and acknowledged the violation."). Here, the fact that Defendant received a ticket and ultimately paid it does not conclusively establish his violation of

---

[5] For the same reason, Plaintiff cannot establish Defendant's negligence as a matter of law through the doctrine of negligence *per se*. A conclusion that Defendant was negligent *per se* would require a finding that Defendant had the right-of-way, which again is a disputed factual question. Nevertheless, the Court need not address this issue, as the finding of a genuine issue of material fact as to the dispositive issue of contributory negligence is sufficient to deny summary judgment to Plaintiff on the issue of liability.

the traffic provisions cited by Plaintiff. Rather, this may simply reflect Defendant's practical decision to pay the fine instead of spending the time and energy contesting his guilt in traffic court. Accordingly, through this evidence, Plaintiff has not established her right-of-way and precluded a finding of her own contributory negligence.

Plaintiff's citation to Defendant's deposition testimony on the payment of this ticket is similarly unavailing. Pls. Stmt. ¶ 26-27. In his deposition, in response to questioning on his payment of the ticket, Defendant responded, "Well, once I paid the fine, that was the end of the -- that was admitting that, you know, I was at -- the failure to yield." Pl.'s Mot, Ex. G (Defendant's Deposition), 53:7-9. Plaintiff argues that this qualifies as an admission of fault by the Defendant, implicitly establishing her right-of-way. Pl.'s Mem. ¶ 24. Yet, again, viewed in the light most favorable to Defendant, this statement merely reflects a description of Defendant's payment of the fine associated with the ticket, not his admission of guilt. This reading is supported by the larger context of the question, as Plaintiff was discussing the lack of points on his license that resulted from his payment of the fine. *Id.* at 53:2-4 ("The ticket didn't state that there would be any points, and I didn't have to go to traffic school or anything like that"). Such surrounding statements support the conclusion that the payment of the fine was a matter of convenience, and not clearly an admission of guilt. Further supporting this position, Defendant at other points in the record states that he believed he had the right-of-way, a proposition directly contrary to any supposed admission of guilt in his deposition. Pl.'s Mot, Ex. G at 28:20-21 ("As far as signals, I was looking to see if the light was still green, what the count was on the number that reads right above – below the green light, if anybody was in the crosswalk, or just if I had a clear right to drive."); *Id.*, Ex. F (Defendant's Amended Interrogatory Answers), ¶ 24 ("Defendant contends that plaintiff stepped into the side of a moving vehicle and failed to pay

attention to an orange 'do not walk signal' and failed to pay proper attention and care for her own safety."). Plaintiff has accordingly failed to show the absence of a genuine issue of material fact as to her contributory negligence.

## V. CONCLUSION

For the foregoing reasons, the Court finds that Defendant has tendered sufficient evidence from which a reasonable fact-finder could conclude that Plaintiff was contributorily negligent. As Plaintiff's contributory negligence operates as a complete bar to recovery under District of Columbia law, Plaintiff has failed to show the absence of a genuine issue of material fact on the issue of liability. Accordingly, the Court shall DENY Plaintiff's [21] Motion for Summary Judgment on the Issue of Liability.

Dated: August 26, 2013

                                    /s/
                            COLLEEN KOLLAR-KOTELLY
                            United States District Judge